UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GABRIEL G. H. MIDALGO,

                    Plaintiff,                        DECISION & ORDER

          v.                                          05-CV-6004L

SGT. KEOUGH, et al.,

                    Defendants.

---

          Plaintiff initiated the above-captioned matter on January 6, 2005 by filing a *pro se*

complaint pursuant to 42 U.S.C. § 1983.  (Docket # 1).  The Complaint was thereafter amended

on March 14, 2005 (Docket # 6), again on October 6, 2005 (Docket # 28), and for a third time on

April 13, 2007 (Docket # 58).  The Third Amended Complaint alleges various constitutional

violations relating primarily to the conditions of plaintiff's confinement.

          In plaintiff's previous motion for leave to file the Third Amended Complaint, he

sought to add three defendants, as well as two claims (enumerated as claims eleven and thirteen

in the proposed complaint).  By Report and Recommendation dated February 13, 2007 (Docket #

53), this Court recommended that the motion be granted with respect to the inclusion of the three

additional defendants.  The Report also recommended denial of the request to add the two new

claims.  Specifically, the Report found that the proposed eleventh claim failed to adequately

assert a constitutional claim and that the proposed thirteenth count was deficient because it was

asserted only against "the assaulting defendants" – a term that was not defined in the complaint.

(Docket # 53).  By order dated April 13, 2007, this Court's recommendation was adopted by the

District Court.  (Docket # 56).

Currently before the Court are plaintiff's motions for leave to file a fourth

amended complaint (Docket # 57) and to compel responses to his discovery requests (Docket #

70).

**Plaintiff's Motion To Amend:**  A careful reading of plaintiff's proposed fourth

amended complaint reveals the inclusion of various factual assertions relating to the previously-

filed claims.  Also included are the two proposed additional claims (claims eleven and thirteen)

that were previously rejected in plaintiff's last motion to amend.  Proposed claim eleven is

essentially identical to the claim already rejected, and plaintiff's motion to amend is thus denied

for the reasons already articulated by the Court.  Plaintiff's proposed thirteenth claim is also

substantially similar to that included in his previous motion.  This time, however, instead of

asserting the claim against the "assaulting defendants," plaintiff has specifically identified

"defendants Kremer, Longwell and others."  Defendants have not opposed the motion to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for

amending a pleading as of right has expired, a party may request leave of the court to amend,

which "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  If the underlying

facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of

relief, the party should be afforded the opportunity to test the claim on its merits.  *See United*

*States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889

F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such as

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the

rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      While the court retains discretion to grant or deny leave to amend under Rule

15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the

denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with

the spirit of the Federal Rules."  *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d

Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

      In evaluating a motion to amend, the court should carefully consider whether the

non-moving party will be prejudiced by such amendment.  According to the Second Circuit, a

court must consider "whether the assertion of the new claim would: (i) require the opponent to

expend significant additional resources to conduct discovery and prepare for trial; (ii)

significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.

1993) (citations omitted).

      As stated above, defendants have not opposed the instant motion.  Indeed, the new

factual assertions included in plaintiff's proposed fourth amended complaint simply provide

greater detail to the claims already asserted.  In addition, plaintiff's proposed thirteenth claim

relates to his other claims against defendants Kremer and Longwell; in the thirteenth claim, he

contends that they failed to provide him with medical assistance following their alleged assault of

him.[1]  Accordingly, considering the lack of opposition to plaintiff's motion to amend and the

presumption that leave to amend be "freely given," Fed. R. Civ. P. 15(a), I find that the

underlying facts and circumstances relied upon by plaintiff are a proper subject of relief and that

he should be afforded the opportunity to test such claims on the merits.  *See United States ex rel.*

*Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d at 1254.

 **Plaintiff's Motion to Compel:**  Plaintiff also moves to compel further responses

to his Fourth Set of Interrogatories and Requests for Documents, a well as interrogatories and

document requests served upon defendant Goord.  In particular, plaintiff seeks disclosure of all

lawsuits previously filed against Commissioner Goord.  (Docket # 70).  The threshold

requirement of discoverability under the Federal Rules of Civil Procedure is whether the

information sought is "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).

To be discoverable, the information "need not be admissible at the trial if the information sought

appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  The

relevance standard, therefore, is commonly recognized as one that is necessarily broad in its

scope in order "to encompass any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).  *See Daval Steel Products, a Div. of*

*Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to

discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible

evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449

---

[1]  The thirteenth claim may only be asserted against the two specifically identified defendants.  To the extent plaintiff seeks to assert the claim against unidentified "others," that request is denied and the phrase "and others" shall be stricken from the Complaint.

(S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant to the subject matter of the action") (internal quotations omitted).

In the instant matter, plaintiff has not described with any particularity how his specific requests are relevant to his claims or the defendants' defenses.  This Court has reviewed the interrogatories and document requests in question, as well as defendants' responses. Specifically, I find that plaintiff's request for disclosure of all lawsuits filed against Commissioner Goord is overbroad and unduly burdensome.  Based upon the above-cited authority, I also find that defendants have adequately responded to the other discovery demands and that their objections have been properly asserted.  Accordingly, plaintiff's motion to compel is denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint **(Docket # 57)** is **GRANTED in part and DENIED in part**.  It is my further decision that plaintiff's motion to compel **(Docket # 70)** is **DENIED**.

The Clerk of the Court is directed to file plaintiff's proposed fourth amended complaint as the "Fourth Amended Complaint," except for the proposed eleventh cause of action.

The Clerk is further directed to effect service of the Fourth Amended Complaint upon counsel of record for the defendants.

Finally, defendants Kremer and Longwell are directed to Answer the Fourth

Amended Complaint.


_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February __8__, 2008

6